

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-15-2002

# USA v. Kitchen

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2873

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Kitchen" (2002). *2002 Decisions*. Paper 653.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/653

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.  01-2873

_____

UNITED STATES OF AMERICA

v.

BRANDON KITCHEN,

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00295)
District Judge: Honorable Malcolm Muir

_____

Submitted Under Third Circuit LAR 34.1(a)
September 27, 2002

Before: BARRY, AMBRO and GARTH, Circuit Judges

(Opinion filed: October 11, 2002)

_____

OPINION

_____

AMBRO, Circuit Judge:

Defendant Brandon Kitchen appeals his sentence of fifty-seven months, imposed after he pled

guilty to violating 18 U.S.C. § 1791(a)(2) by possessing a prohibited object at the Allenwood Federal

Corrections Complex. Kitchen argues that the District Court did not have jurisdiction over his case and that the sentence he received is illegal.

Kitchen's counsel, finding no non-frivolous issues to appeal, submitted a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). The brief does not, however, meet *Anders'* requirements. We conclude that he raises only patently frivolous arguments. We therefore affirm Kitchen's sentence and grant his counsel's motion to withdraw.

## BACKGROUND

On July 3, 1997, prison officials at the Allenwood Penitentiary noticed a scuffle between inmates. When they arrived at the scene, they found one inmate, Richard Beckwith, wounded and bloody, and discovered two homemade knives nearby.

The officials detained Kitchen and his co-defendant, Milton Huff, from the group of prisoners in the area. Kitchen had Beckwith's blood on his belt, pants, and both shoes. Beckwith, who had been stabbed ten times, identified Kitchen and Huff as the inmates who assaulted him. Beckwith was sent to a hospital outside the prison for eight days.

Kitchen was charged with and pled guilty to possessing a prohibited object in a federal penitentiary in violation of 18 U.S.C. § 1791(a)(2). The District Court granted the United States' motion for upward departure from the U.S. Sentencing Guidelines pursuant to USSG § 5K2.2, for the serious injury inflicted on Beckwith, and § 5K2.6, for the use of a dangerous weapon. With a three-level upward departure and an adjusted Guideline range of 51 to 60 months, Kitchen received a fifty-seven month sentence, which he appeals.

## DISCUSSION

2

If appointed counsel for a criminal defendant who wishes to appeal his case cannot after thoroughly searching the record find any non-frivolous grounds for appeal, that counsel may file an "*Anders* brief" with the court, requesting to withdraw as counsel. When we receive an *Anders* brief from counsel, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

To meet the *Anders* requirements, a brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues" and "explain why the issues are frivolous." *Id.* The three-page brief submitted by Kitchen's counsel does not adequately explain the case or the issues raised therein (only one page of the brief contains legal argument), and it does not provide any legal citations to support counsel's conclusion that no non-frivolous issues can be found.[1] Counsel also failed to attach all relevant materials from the record. This brief obviously falls far short of the brief described

---

[1] Here, for example, is counsel's discussion of the legality of Kitchen's sentence in its entirety:

> Sentence imposed was in the stated guideline, which was established at the Pre-sentence Hearing. Furthermore, while Defendant and Counsel's understanding was that the Court would impose a sentence of 60 months, the Court instead, lowered said sentence to 57 months. The Court properly set forth it's [sic] reason for the sentence. Counsel has thoroughly examined the record and therefore believes that sentence on this matter was a legal sentence.

Appellant's Brief at 4. Indeed, although the legality of the sentence is one of the two issues raised, the *Anders* brief does not even tell us that the District Court departed upward from the Sentencing Guidelines.

in *Anders*, 386 U.S. at 744, which should contain "ready references not only to the record, but also to the legal authorities." *Id.*; *see also Youla*, 241 F.3d at 300 (holding that brief with two pages of legal analysis and no case law citations does not meet *Anders* requirements).

Given the inadequacies, we must reject the *Anders* brief unless we are convinced that "frivolousness is patent." *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000).[2] The brief submitted by the Government – which contains a more thorough explanation of the case and discussion of the issues that Kitchen could raise in regard to the District Court's jurisdiction and the legality of his sentence, as well as a supplemental appendix that fills in several gaps in the record, coupled with our independent review of the record, convince us that Kitchen can present only patently frivolous issues for appeal.

## A. Jurisdiction of the District Court

Kitchen argues that the District Court did not have jurisdiction over this matter. He pled guilty, however, to violating a law of the United States. Because this is so, his argument that the District Court lacked jurisdiction is patently frivolous. *See* 18 U.S.C. § 3231 ("The District Courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").[3]

---

[2] *See also id.* ("[E]xcept in those cases in which frivolousness is patent, we will reject briefs . . . in which counsel argue the purportedly frivolous issues aggressively without explaining the faults in the arguments, as well as those where we are not satisfied that counsel adequately attempted to uncover the best arguments for his or her client.").

[3] The Government also raises the issue whether the District Court complied with Federal Rule of Criminal Procedure 11(e) when it accepted Kitchen's plea. Kitchen's counsel did not raise this issue. In our independent investigation of the record, we found no evidence that the District Court did not comply with Rule 11(e) and no evidence to support a claim

**B.      Legality of the sentence**

Kitchen also contends that the sentence he received is illegal.  The Government interprets this contention to assert either that Kitchen's sentence was in excess of the statutory maximum or that the District Court erred by granting the Government's motion for an upward departure, and we do as well. We address each issue in turn.

1.  Kitchen pled guilty to one count under 18 U.S.C. § 1791(a)(2) of possessing a contraband knife in prison and received a sentence of fifty-seven months imprisonment.  Under 18 U.S.C. §§ 1791(b)(3) and (d)(1)(B), the statutory maximum for this offense depends on the type of prohibited object that the defendant possessed, with a five year maximum sentence for possession of "a weapon (other than a firearm or destructive device)."  Kitchen received a sentence of less than five years in prison.  His sentence therefore fell within the statutory maximum, and no arguably meritorious contention to the contrary can be made.

2.  We review for an abuse of discretion the District Court's decision to depart from the applicable Guidelines range, and we give due deference to the institutional advantage possessed by the District Court in comparing one case to another.  *See United States v. Iannone*, 184 F.3d 214, 227 (3rd Cir. 1999).

A district court may impose a sentence outside the applicable Guidelines range

> if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different than that described."

that Kitchen involuntarily entered the guilty plea.

USSG § 5K2.0 (quoting 18 U.S.C. § 3553(b)). Section 5K2.2 provides more specifically:

> If significant physical injury resulted, the court may increase the sentence above the authorized guideline range.

*Id.* Likewise, §5K2.6 states:

> If a weapon or dangerous instrumentality was used or possessed in the commission of the offense the court may increase the sentence above the authorized guideline range. The extent of the increase ordinarily should depend on the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others.

*Id.*

Although Kitchen pled guilty only to possessing contraband, he and his co-defendant stabbed another prisoner with a knife ten times. There can be no serious dispute that the District Court acted within its discretion in awarding an upward departure in light of the significant physical injury inflicted and the dangerous nature and injurious use made of the prohibited object – considerations otherwise not accounted for in Kitchen's sentence.

We also note that the District Court provided ample opportunity for Kitchen to respond to the Government's motion for upward departure, including granting Kitchen an extra seven weeks to reply. In its order granting the departure, the District Court carefully weighed the arguments presented by the parties and based its decision on specific facts within the record and on Kitchen's failure to present any evidence to support his arguments. Our review of the record suggests no possible basis for concluding that the District Court abused its discretion by awarding a three-level upward departure pursuant to USSG § 5K2.2 and § 5K2.6.

## CONCLUSION

Despite the inadequacy of the *Anders* brief, we conclude that the issues raised therein lack any arguable merit. We therefore affirm Kitchen's conviction and sentence, and grant counsel's motion to withdraw as counsel.

_____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

_/s/Thomas L. Ambro_____
Circuit Judge

7